**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 20, 2009

Charles R. Fulbruge III
Clerk

No. 08-50798
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE JUAN SERRANO-MEZA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:07-CR-979-1

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

Jose Juan Serrano-Meza appeals the 70-month within-guidelines sentence imposed following his guilty plea to illegal reentry following deportation in violation of 8 U.S.C. § 1326. He argues that his sentence is unreasonable because the illegal reentry guidelines double count a defendant's criminal record, resulting in a sentencing range that is greater than necessary to meet the goals of 18 U.S.C. § 3553(a). He also argues that this court should not afford his

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentence a presumption of reasonableness because U.S.S.G. § 2L1.2 is not empirically based. He contends that his sentence failed to reflect that he had no prior immigration convictions, that he did not realize he faced such a high sentence, that the longest sentence he had served was three years, and that he reentered this country to work.

Serrano-Meza's challenge to the presumption of reasonableness is foreclosed. *See United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir. 2009), *cert. denied*, 2009 WL 3162196 (Oct. 5, 2009) (No. 09-6195); *see also United States v. Mondragon-Santiago,* 564 F.3d 357, 366-67 (5th Cir. 2009), *cert. denied,* 2009 WL 1849974 (Oct. 5, 2009) (No. 08-11099). We have also rejected the argument that using a prior conviction to increase the offense level and in calculating criminal history is impermissible "double counting." *See United States v. Calbat*, 266 F.3d 358, 364 (5th Cir. 2001).

Serrano-Meza has not rebutted the presumption that the district court sentenced him to a reasonable, properly calculated within-guidelines sentence. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir.), *cert. denied*, 129 S. Ct. 328 (2008); *United States v. Alonzo*, 435 F.3d 551, 554-55 (5th Cir. 2006). The district court's judgment is AFFIRMED.